REDMANN, Chief Judge.
Defendant appeals from his conviction after trial by jury for armed robbery of two persons, one of whom testified definitely that defendant was one of three persons who robbed him and a friend with knives. (The other victim testified that he did not see the face of the robber who was wrestling with the first victim during the robbery — and whom the first victim identified as defendant — but that that robber’s build was like that of defendant.)
Defendant’s argument is that the evidence was insufficient, especially in light of the testimony of 12 alibi witnesses that defendant was playing football some distance from the robbery site at the time of the robbery. Defendant argues that a “rational” trier of fact would not disbelieve 12 witnesses, of whom only two are relatives of defendant.
We reject that argument. The 12 witnesses had no reason to fix events of the day of the robbery in their minds until weeks thereafter when defendant was charged or, in most cases, until five or six months later when defendant’s mother sought them out as witnesses. The circumstance that a party was held (to celebrate the day-before birthday of one neighbor) the night of the day of the 4 p.m. robbery could well fix their memories as to defendant’s whereabouts that night; but a rational trier of fact might well conclude that an afternoon of playing football and an evening of a birthday party were not so logically or necessarily connected as to assure correctness of the witnesses’ testimony that one particular person was playing football during the afternoon before the party. (Similarly not logical or necessary is the connection between defendant’s playing football and one witness’s having gone home from school early to serve his 13- *657 year-old brother’s birthday ice cream and cake that day.) On the other hand, a rational trier of fact might well conclude that the terrifying experience of suffering an armed robbery could easily fix the robber’s face in the victim’s memory. Faced with quite definite testimony by one victim as opposed to testimony (not unfairly describable as less than definite) from nine of the accused’s neighbors plus one visiting acquaintance plus two relatives who have no sure point of reference for the time of the afternoon robbery (although they do have for that night), a rational trier of fact could accept the victim’s testimony as correct and reject the 12 alibi witnesses’ testimony as mistaken.
A similar view might have been held by a rational trier of fact regarding defendant’s mother’s testimony that defendant had a “jerry curl” hairstyle at the time of the robbery. The robber had a “bush” hairstyle. Again, there is no definite point of reference for the mother to fix the date of giving defendant the jerry curl; she is merely relying on her memory of an ordinary event whose date she had no special reason to remember until several weeks later when her son was charged.
Considering the evidence in the light most favorable to the prosecution, State v. Raymo, 419 So.2d 858 (La.1982), and Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt.
Defendant also argues that we should consider the evidence introduced at the hearing on his motion for a new trial. Polygraph examinations of himself and one witness indicate that they told the truth at his trial — or, more exactly, as the expert testified, indicate that they believe that they told the truth at trial. Defendant concedes that the granting of a new trial on the basis of polygraph evidence is a matter of judicial discretion, State v. Humphrey, 445 So.2d 1155 (La.1984), but argues that we ought to take the evidence into account in ruling on defendant’s appeal. We have reviewed that evidence, insofar as revealed by the supplemental transcript and our assumption that the “report” of the examiner was that defendant was not trying to deceive the examiner in saying that his trial-time testimony was truthful. But we cannot accept that evidence as probative of the truth of defendant’s trial-time testimony because that would wholly defeat the rule that polygraph evidence is not admissible in criminal trials, for the reasons set forth in State v. Catanese, 368 So.2d 975 (La.1979).
Affirmed.